# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Timothy M. Cotter<br>Melissa S. Cotter<br>　　　　Debtor(s) | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION<br>　　　　Movant<br>vs. | NO. 17-13357 AMC |
| Timothy M. Cotter<br>Melissa S. Cotter<br>　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on August 23, 2022 granting relief from the automatic stay is vacated, and the automatic stay as to Secured Creditor and the Property located 216 South 10th Street, Quakertown, PA 18951is in effect.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$10,879.08**, which break downs as follow:

   Post-petition payments: April 2022 through October 2022 in the amount of $1,700.24/month
   Suspense balance:　　　($1,022.60)
   **Total Post-petition arrears: $10,879.08**

3. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall make an immediate payment to the Secured Creditor in the amount of **$10,879.08.**

4. Debtor shall maintain current monthly mortgage payments beginning with the November 1, 2022 payment and thereafter.

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 4, 2022

/s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant

Date:_____          _____
                               Paul H. Young, Esquire
                               Attorney for Debtor(s)


Date: 10/20/2022               /s/ Ann E. Swartz, Esquire for
                               Scott F. Waterman, Esquire
                               Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022.  However, the court retains discretion regarding entry of any further order.

**Date: October 26, 2022**          _____
                                    Bankruptcy Judge
                                    Ashely M. Chan