IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Timothy M. Cotter<br>Melissa S. Cotter<br><br>　　　　　　　　　Debtor(s) | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION<br>　　　　　　　　　Movant<br>vs. | NO. 17-13357 AMC |
| Timothy M. Cotter<br>Melissa S. Cotter<br><br>　　　　　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman<br>　　　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of March 15, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,743.68** . Post-petition funds received after March 15, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows;

Post-Petition Payments: January 2024 through March 2024 at $1,642.22/month
Suspense Balance:　　　　　　($182.98)
**Total Post-Petition Arrears　　$4,743.68**

2. Debtor(s) shall cure said arrearages in the following manner;

　　a). Beginning on April 2024 and continuing through June 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,642.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,581.22 for April 2024 and May 2024 and $1,581.24 for June 2024** towards the arrearages on or before the last day of each month at the address below;

Freedom Mortgage Corporation
Attn: Cash Processing
10500 Kincaid Drive
Fishers, IN 46037

    b).  Maintenance of current monthly mortgage payments to the Movant thereafter.

  3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

  5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

  8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

  9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: March 20, 2024

            /s/ **Denise Carlon, Esquire**
            Denise Carlon, Esquire
            Attorney for Movant

Date:_____

            Paul H. Young, Esq.
            Attorney for Debtor(s)

Date: *3/27/2024*                                              */s/ Ann E. Swartz Esq., for*
                                                                                     Scott F. Waterman, Esquire
                                                                                     Chapter 13 Trustee


Approved by the Court this __1st__ day of _____April_____, 2024.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan.